IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SPEARS and
KELLY SPEARS

    Plaintiffs,

v.                                No. 2:24-cv-00527-DHU-JHR

ALIBABA SINGAPORE E-COMMERCE
PRIVATE LTD.; ALIBABA GROUP
HOLDING LTD.; DOES 1 through 10
Inclusive and BLACK AND WHITE
CORPORATIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Opposed Motion to Remand and Motion to Stay Briefing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, filed June 11, 2024 ("Motion"). Doc. 8. In their Motion, Plaintiffs also request attorney's fees. Doc. 8. On July 08, 2024, Defendants responded, and on August 05, 2024, Plaintiffs replied. Doc. 14, Doc. 19. Having considered the parties briefs, the record of the case, and applicable law, the Court finds that Plaintiffs Motion to Remand is with merit and shall be **GRANTED**. The Court **DENIES** granting attorney fees and costs. The Court also **DENIES** Plaintiffs' Motion to Stay Briefing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction as **MOOT**.

**I.
BACKGROUND**

This case stems from a personal injury incident in which Plaintiff, Michael Spears, was injured at an amusement park operated by Alamo Jump, LLC in Alamogordo, New Mexico. Doc. 1-3 at ¶ 30. Plaintiff alleges he is a commercial airplane pilot but during his leave of absence from the airline, he served as a pilot at Holloman Air Force Base in Alamogordo, New Mexico. Doc. 1-

1

3 at ¶ 14. He alleges that on July 22, 2022, while taking a day off with his wife, Kelly Spears, and their five children, the family decided to visit Alamo Jump, LLC. Doc. 1-3, at ¶ 30. Plaintiff submits that while at Alamo Jump, LLC he jumped into a foam ball pit and landed chest first on the metal frame located in the center of the pit. Doc. 1-3 at ¶ 32. He further alleges the structure was defective because the concealed metal frame within the ball pit was too shallow. Doc. 1-3 at ¶ 45. He states that as a result, he was immediately rushed to an emergency room, diagnosed with spinal fractures and was life-flighted to the University Medical Center of El Paso in Texas for a higher level of care. Doc. 1-3 at ¶ 32. He submits that he suffered from a fractured sternum and spinal fractures to his thoracic vertebrae T1, T2, and T3. Doc. 1-3 at ¶ 32.

Consequently, Michael Spears and Kelly Spears (collectively "Plaintiffs") commenced suit on August 26, 2022, in the Twelfth Judicial District Court of Otero County naming Alamo Jump, LLC, and Black and White Corporations as Defendants. Doc. 1-7. Plaintiffs' Complaint alleged (i) strict product liability, failure to warn, and breach of express warranty against all Defendants, and (ii) negligence against Defendant Alamo Jump, LLC. Doc. 1-7. In their original complaint, Plaintiffs also submitted that they were both residents of Otero County, New Mexico. Doc. 1-7 at ¶ 1, 2.

On December 22, 2022, Plaintiffs filed their First Amended Complaint naming Alamo Jump, LLC; Alibaba Group (U.S.) Inc.; Alibaba.com U.S. LLC; Alibaba.com LLC; Does 1 through 10; and Black and White Corporations as Defendants. Doc. 8-3. Plaintiffs' First Amended Complaint alleged (i) strict product liability, failure to warn, and breach of express warranty against all Defendants, and (ii) negligence against all Defendants. Doc. 8-3 at ¶ 34-60.

On June 06, 2023, Plaintiffs filed their Second Amended Complaint. Doc. 8-4. The Second Amended Complaint names the following Defendants: Alamo Jump, LLC; Alibaba Singapore E-

Commerce Private Limited; Alibaba Group Holding; Does 1 through 10, inclusive; and Black and White Corporations. Doc. 8-4. Plaintiffs' Second Amended Complaint also alleges (i) strict product liability, failure to warn, and breach of express warranty against all Defendants, and (ii) negligence against all Defendants. Doc. 8-4 at ¶ 34-60.

On April 5, 2024, Defendants Alibaba Group Holding Ltd. and Alibaba Singapore E-Commerce Private Ltd. (collectively, the "Alibaba Defendants") removed this case to this District Court, asserting this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. *See Spears v. Alamo Jump LLC, et al.,* Case No. 2:24-cv-0330-KWR-GBW (D.N.M. 2024) ("*Spears I*"). The Alibaba Defendants alleged that removal was proper because Plaintiffs settled their claims with Alamo Jump LLC, the only defendant based in New Mexico. *Spears I*, Doc. 1. Therefore, the remaining parties where completely diverse, and the amount in controversy exceeded $75,000. *Spears I*, Doc. 1. In response, on April 19, 2024, Plaintiffs filed a motion to remand alleging among other things that the deadline to remove the matter to federal court had passed because 28 U.S.C. § 1446(c)(1) requires removal within one-year of the commencement of the action. *Spears I*, Doc. 8. Plaintiffs alleged that the matter was commenced on August 26, 2022, and the Alibaba Defendants filed their removal action on April 5, 2024, over 20 months later. *Spears I*, Doc. 8 at 1. On May 15, 2024, the Alibaba Defendants filed a response to the Plaintiffs' motion to remand, asking the Court to issue an Order to remand based on the parties' stipulation. *Spears I*, Doc. 20 at 1. On the same day, this Court ordered the case be remanded to the Twelfth Judicial District Court of New Mexico for Otero County. *Spears I*, Doc. 21.

The matter proceeded to state court, however, on May 28, 2024, the Alibaba Defendants once again removed this case to this District Court asserting diversity jurisdiction. Doc. 1. They again argued that removal was appropriate because Alamo Jump LLC, the only defendant based

3

in New Mexico, was dismissed from the case by a state court Order dated April 30, 2024. Doc. 1 at 1. As a result, the remaining parties were entirely diverse, and the amount in controversy exceeded $75,000. Doc. 1 at 1. On May 29, 2024, once in federal court, the Alibaba Defendants filed a Motion to Dismiss for Lack of Jurisdiction alleging similar grounds. Doc. 5.

On June 11, 2024, Plaintiffs filed the instant Motion to Remand and Motion to Stay Briefing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. Doc. 8. In the Motion, Plaintiffs assert that the deadline to remove this matter has passed because 28 U.S.C. § 1446(c)(1) requires removal within one-year of the commencement of the action. Doc. 8 at 2. Plaintiffs submit that it does not matter that additional Defendants were added to this action under the Second Amended Complaint. Doc. 8 at 2. The matter was still commenced on August 26, 2022, and the one-year deadline has passed. Doc. 8 at 2. The Alibaba Defendants filed a response on July 08, 2024. Doc. 14. In the response, the Alibaba Defendants make several arguments, including a request that this Court interpret the removal statute in light of rulings from other courts, which have held that the one-year period begins when a defendant is added to the case and served with the complaint. Doc. 14 at 5-9. Further, the Alibaba Defendants assert this case presents a novel issue and request a flexible, equitable application of the rule to allow the case to proceed in federal court. Doc. 14 at 5-9.

## II.
## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may remove the action to federal district court. *See* 28 U.S.C. § 1441(a).

Due to the nature of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co. Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The defendant seeking to remove an action to federal court bears the burden of establishing subject-matter jurisdiction over the case. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Pursuant to 28 U.S.C. § 1332(a), a federal court has original jurisdiction over a matter when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

In addition to proving original jurisdiction, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving the initial pleading that outlines the removable claim. 28 U.S.C. § 1446(b)(1). "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). However, in such a case the right to remove is capped at one year. Section 1446(c)(1) provides:

> (c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

5

Generally, the failure to comply with the express statutory requirements for removal under § 1446 renders the removal defective and requires remand. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999).

## III.
## DISCUSSION

In this case, the parties do not dispute that the amount in controversy exceeds the jurisdictional amount of $75,000. Nor do the parties disagree that the dismissal of Alamo Jump LLC creates complete diversity among the remaining parties. Instead, the parties' main disagreement centers on whether Defendants' failure to comply with the statutory procedural requirements for removal under 28 U.S.C. § 1446 renders the removal defective and requires remand. The Court addresses this query below.

### A. The Court Finds Remand is Appropriate Because Defendants' Notice of Removal was Untimely.

1. The Parties' Positions

In their Motion, Plaintiffs request that the case be remanded to state court because the removal deadline has passed. Plaintiffs cite 28 U.S.C. § 1446(c)(1), which requires removal within one-year of the commencement of the action. Doc. 8 at 2. Plaintiffs submit that this matter was commenced on August 26, 2022, and Defendants removed this action on May 28, 2024, more than 21 months later. Doc. 8 at 2. They argue the one-year removal deadline was August 26, 2023. Doc. 8 at 7. Plaintiffs add that §1446(c)(1) only allows two ways for a defendant to successfully remove a state court case to federal court after the one-year removal deadline. Doc. 8 at 7. The first requires Defendants to prove fraudulent joinder and the second is to prove that Plaintiffs acted in bad faith under § 1446(c)(1). Doc. 8 at 7. Plaintiffs submit that Defendants have not attempted, nor can they prove fraudulent joinder or bad faith. Doc. 8 at 7.

6

In opposition to remand, the Alibaba Defendants make three main arguments. First, they ask the Court to interpret the removal statute based on rulings from other courts that have held the one-year period starts when a defendant is added to the case and served with the complaint. Doc. 14 at 5. Defendants submit that under this interpretation, the case against the Alibaba Defendants did not "commence" until the Plaintiffs filed their Second Amended Complaint on June 6, 2023. Doc. 14 at 5. Therefore, the Notice of Removal filed on May 28, 2024, is within the one-year period specified by 28 U.S.C. § 1446(c)(1). Doc. 14 at 5. Second, Defendants argue that New Mexico courts do not always assign the filing date of the original complaint as "commencing the action." Doc. 14 at 8. Finally, and alternatively, Defendants submit that the one-year rule is procedural and not jurisdictional, therefore, it is subject to waivers and exceptions, including those based on equitable grounds. Doc. 14 at 6. In support of an equitable argument, Defendants submit that with the dismissal of Alamo Jump LLC, the case has lost any meaningful connection to the State of New Mexico and no public interest would be served by remanding this case to state court. Doc. 14 at 7.

In reply, Plaintiffs make three arguments. First, Plaintiffs again submit that the plain reading of 28 U.S.C. § 1446(C)(1) requires removal within one year of the commencement of the action. Doc. 19. Plaintiffs add that Defendants have not made allegations that Plaintiffs engaged in "bad faith" conduct, nor is there any evidence of such conduct such that the one-year rule requirement would be tolled. Doc. 19 at 5. Second, Defendants' arguments for an equitable remedy fail because Defendants have not demonstrated that the amended complaint was an independent claim or cause of action from the original complaint. Doc. 19 at 5. Finally, Plaintiffs submit that this case is not a "matter of first impression" and that it is irrelevant that Plaintiffs now live in Texas. They submit that they were New Mexico residents when the alleged injury occurred.

2. <u>Analysis</u>

The Court must reject Defendants' arguments. As noted above, in addition to proving original jurisdiction, the viability of this action proceeding in federal court hinges on the removal procedure. Section 1446 of Title 28 of the United States Code specifies timing requirements for removal. Generally, the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant. *See* 28 U.S.C. § 1446(b)(1). Additionally, in diversity jurisdiction cases, a case "may not be removed ... more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); *see also Caterpillar Inc.*, 519 U.S. at 69, 117 S.Ct. 467 (stating "[n]o case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'").

Here, Plaintiffs filed their original complaint in state court on August 26, 2022. Doc. 1-7. Based on arguments of diversity jurisdiction, the Alibaba Defendants removed the case to federal court on two occasions. The first removal occurred on April 5, 2024, nearly 20 months after commencement of the action. *Spears I*, Doc. 1. The second removal occurred on May 28, 2024, over 21 months after the commencement of the action. Doc. 1. In both instances the Alibaba Defendants ignored the plan reading of the statute, stating that no case may be removed from state to federal court on the basis of diversity of citizenship if more than one year has passed since the action commenced. *Caterpillar Inc.*, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)).

Despite the "1 year" plain language of 28 U.S.C. § 1446(b), the Alibaba Defendants make three arguments against remand. *See generally* Doc. 14. Defendants first ask this Court to interpret the removal statute based on rulings from other courts that allegedly have held the one-year period starts when a defendant is added to the case and served with the complaint. *Id.* at 5-9. For this first

8

proposition, the Alibaba Defendants cite to *Gore v. Robertson*, No. 14-00749-BAJ-RLB, 2015 WL 5749459 (M.D. La. Sept. 30, 2015). In *Gore*, a plaintiff sought to remand an action to state court on the ground that the removal was untimely. *Id.* *2. The plaintiff's original petition was filed on July 30, 2013. *Id.* Then, on December 02, 2014, after a defendant was released from the action, the remaining defendant removed the action to the United States District Court for the Middle District of Louisiana. *Id.* In finding that remand was not appropriate, the district court held that the plaintiff's amended complaint presented a new theory of liability against the remaining defendant. *Id.* at *5. The court reasoned that the original claim related to an automobile accident against the original defendants. *Id.* However, after those defendants were dismissed, the plaintiff's amended complaint contained a products liability claim against the remaining defendant. *Id.* The court determined that although both where negligence actions, the theories of liability and the discovery necessary to pursue and defend against the two theories where drastically different. *Id.* As a result, the district court denied plaintiff's request to remand. *Id.* at *6.

In this case, the Alibaba Defendants do not allege that Plaintiffs' Second Amended Complaint introduces new theories of liability against them, nor do they allege that the dismissal of Alamo Jump LLC would require extensive new discovery against a defendant unrelated to the other. *See generally* Doc. 14. Additionally, the Alibaba Defendants' reliance on the sentence stating "the suit was not commenced against it within the meaning of the removal statute until it was named as a defendant" in *Gore*, is also misplaced. Doc. 14 at 8. This sentence is merely a summary of the arguments the *Gore* plaintiff made and not the findings of the district court. *See Gore v. Robertson*, No. 14-00749-BAJ-RLB, 2015 WL 5749459, at *3 (M.D. La. Sept. 30, 2015). Furthermore, Defendants' reliance on *Braud v. Transp. Serv. Co.*, 445 F.3d 801, (5th Cir. 2006), is also unpersuasive. In *Braud,* the Fifth Circuit held the amendment of a complaint to add a new

9

defendant after the effective date of the Class Action Fairness Act (CAFA) constituted the "commencement" of a new suit and would permit removal under the CAFA. *Id.* at 804-806. The Fifth Circuit also held that, under the CAFA, a new defendant may remove the case to federal court regardless of whether it was added more than one year after the original complaint was filed in state court. *Id.* at 806. Here, however, the case does not involve a CAFA action.

The Court now turns to the Alibaba Defendants second argument suggesting that New Mexico courts do not always assign the filing date of the original complaint as commencing the action. In *Pritchett v. Off. Depot, Inc.,* the Tenth Circuit observed that a cause of action is commenced when it is first brought in an appropriate court, according to state proceedings. 420 F.3d 1090, 1094 (10th Cir. 2005). In this case, the cause of action was brought before a New Mexico state court. In New Mexico, "a civil action is commenced by filing a complaint with the court." *See* Rule 1-003 NMRA. The Original Complaint here was filed on August 26, 2022. Therefore, pursuant to 28 U.S.C. §1446(c)(1), the one-year period for potential removal ended on August 26, 2023.

The Court is also unpersuaded by the Defendants reliance on *Snow v. Warren Power & Mach., Inc.*, for the proposition that "the operative date for commencement of an action is the date of filing a motion for leave to amend." 2015-NMSC-026, ¶ 33, 354 P.3d 1285, 1292. In *Snow*, the New Mexico court analyzed law from other states and ultimately held that an amended complaint, filed post-statute of limitations, is deemed filed as of the date of the original motion seeking leave to amend complaint to add parties as additional defendants, so long as the amended complaint is attached, for purposes of statute of limitations. The same facts do not exist here.

Finally, the Court declines to apply an equitable remedy finding unpersuasive the argument that the Defendants are foreign and only have an attenuated connection to the underlying facts. As

10

noted by Plaintiffs in their brief, New Mexico state courts have a vested interest in adjudicating claims involving injuries occurring within the state and affecting its residents. Doc. 19 at 5. The Court does not address the analysis under 28 U.S.C. §1446(b)(3) to determine if Plaintiffs acted in bad faith, as the record does not support such a finding and Defendants do not raise this issue. In conclusion and in summary, the Court finds that Defendants' failure to comply with the express statutory requirements for removal under 28 U.S.C. §1446 renders the removal defective and requires remand. *See Huffman*, 194 F.3d at 1077.

### B. The Court Declines to Grant Attorney Fees and Costs.

Finally, Plaintiffs seek court costs, expenses, and attorney's fees pursuant to 28 U.S.C. §1447(c) alleging the Alibaba Defendants' removal was unreasonable and improper. Doc. 8 at 1-2, 7. Defendants assert fees are not proper because they had an objectively reasonable basis for seeking removal – that complete diversity exists – and that there are legal and equitable basis for this Court to find for Defendants on the first-impression issue. Doc. 14 at 9-10. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The Court finds that Defendants' removal was not objectively unreasonable. Although not binding, Defendants cited *Gore* to support their position that some courts interpret the removal statute as starting the one-year period when a defendant is added to the case and served with the complaint. Nevertheless, *Gore* was unhelpful to Defendants, as they failed to demonstrate how new theories of liability were introduced against them when Alamo Jump LLC was dismissed from the case. Because it was not unreasonable for Defendants to attempt this argument, the Court will deny Plaintiffs request for costs and fees.

## IV.
## CONCLUSION

For the reasons stated above, the Court finds that the Alibaba Defendants' removal was untimely and concludes that remand is proper.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Remand **(Doc. 8)** is **GRANTED** for the reasons described in this Memorandum Opinion and Order**.**

**FURTHERMORE**, it is **ORDERED** that this case is **REMANDED** to the Twelfth Judicial District Court, Otero County, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate this remand.

**FURTHERMORE**, Plaintiffs' request for award of costs and fees related to the removal is hereby **DENIED.**

**FURTHERMORE,** Plaintiffs' Motion to Stay Briefing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction **(Doc. 8)** is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE